UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

_____

In re

VISSION, INC.,

                     Debtor.
_____

PAUL G. SWANSON, TRUSTEE,

                     Plaintiff,
v.

TRASINO PARK-HUDSONS, LLC, and

M&I MARSHALL & ILSLEY BANK,

                     Defendants.
_____

TRASINO PARK-HUDSONS, LLC,

                     Defendant, Cross-Claimant and
                     Third Party Plaintiff,
v.

M&I MARSHALL & ILSLEY BANK and
JAMES STABILE and LISA STABILE,

                     Cross-Claim Defendant and
                     Third-Party Defendants.

Case No. 07-21957

Chapter 7

Adversary No. 07-2111

_____

MEMORANDUM DECISION ON PLAINTIFF'S MOTION
FOR JUDGMENT ON THE PLEADINGS

_____

      Before the court is the trustee's motion for judgment on the pleadings, avoiding the lien

of Trasino Park-Hudson, LLC, as a preference. This is a core proceeding under 28 U.S.C. §

157(b)(2)(K), and the court has jurisdiction under 28 U.S.C. § 1334. This decision constitutes the court's findings of facts and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

BACKGROUND

The relevant facts are not in dispute and have been culled from the pleadings and supporting documentation. The debtor in this case, Vission, Inc., is a Michigan corporation organized on November 12, 2004, and registered as a foreign corporation doing business in the State of Wisconsin with the Department of Financial Institutions on April 13, 2005. Vission operated a franchise restaurant known as Hudson's Classic Grill in Grand Chute, Wisconsin, from June 2005 through November 2006.

On April 14, 2005, the defendant, Trasino, advanced approximately $250,000.00 to the debtor for the purchase of equipment and, pursuant to a General Business Security Agreement, received a security interest in all of the personal property of the debtor. On May 27, 2005, Trasino filed a financing statement with the Wisconsin Department of Financial Institutions.

Subsequent to borrowing money from Trasino, on April 22, 2005, the debtor executed a Commercial Security Agreement with M&I Bank for $130,000.00 in which the debtor pledged all of its personal property as collateral for the loan. Simultaneously, James and Lisa Stabile, principals and 100% stockholders of the debtor, executed a $130,000.00 second mortgage on their home as security for the business loan. The debtor ceased business operations around November 2006. On December 21, 2006, 92 days before the debtor filed its bankruptcy petition, M&I Bank perfected its security interest by filing a financing statement with the Michigan Department of State. On January 22, 2007, Trasino filed a financing statement with the Michigan Department of State, within 90 days of the filing of the bankruptcy petition.

The chapter 7 trustee brought this adversary proceeding under 11 U.S.C. §§ 544(a) and 547 to avoid the liens of both M&I Bank and Trasino. In a previous order and decision dated May 28, 2008, this court granted M&I Bank's motion to dismiss the trustee's cause of action to avoid its lien and determine its priority, as well as its motion to dismiss Trasino Park-Hudson's request in its cross-claim to bring an action at a later date regarding an alleged conspiracy between M&I Bank and James and Lisa Stabile. The court further granted M&I Bank's motion for summary judgment, in part,[1] and Trasino Park-Hudson's cross-claim against M&I Bank seeking priority of Trasino Park-Hudson's lien over M&I Bank's lien was dismissed.

DISCUSSION

Federal Rule of Civil Procedure 12(c) and (d), as incorporated in Rule 7012 of the Federal Rules of Bankruptcy Procedure, provides:

> After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings.
>
> If, on a motion [for judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(c), (d).

A motion for judgment on the pleadings is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts. Fed. R. Bankr. P. 7012; Fed. R. Civ.

---

[1] M&I Bank's motion for summary judgment was denied, in part, and Trasino Park-Hudson's cross-claim for marshaling of assets was preserved for trial. The trustee, however, has not asserted this claim on behalf of the estate. In the main case, Trasino has objected to the trustee's proposed payment of M&I's secured claim and opposed the trustee's failure to marshal available assets for the benefit of creditors.

P. 12(c); *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 802 (B.A.P. 6th Cir. 2008). For the court to grant a motion for judgment on the pleadings, the moving party – in this case the trustee – must unequivocally establish that no material issue of fact exists and that judgment on the pleadings is warranted by law. *National Fid. Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987); *In re CMGT, Inc.*, 384 B.R. 497, 506 (Bankr. N.D. Ill. 2008).

When deciding a motion for judgment on the pleadings, a court may consider the contents of the pleadings, as well as documents incorporated by reference in the pleadings, and courts may take judicial notice of matters of public record. *Northern Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452-53 (7th Cir. 1998). For purposes of motions for judgment on the pleadings, all well-pleaded allegations contained in Trasino's pleadings, as the non-moving party, are to be taken as true. *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir. 1986).

Turning to the pleadings in this case, Trasino denied the trustee's allegation that it failed to timely perfect its security interest in all personal property assets of the debtor, noting that it filed a financing statement with the Wisconsin Department of Financial Institutions on May 27, 2005. In a motion for judgment on the pleadings, however, the court is not bound by the legal *characterizations* contained in the pleadings. *Nat'l Fid. Life Ins.*, 811 F.2d at 358; *Republic Steel*, 785 F.2d at 183. Trasino is *characterizing* its filing of the financing statement on May 27, 2005, as sufficient evidence that it procured a properly-perfected first lien on all of the debtor's personal property. It is not pleading a fact or allegation of fact.[2] Whether or not the action of

---

[2] Where a written instrument incorporated in the pleadings contradicts allegations in the complaint, the exhibit trumps the allegations, for purposes of a motion for judgment on the pleadings. *N. Ind. Gun*, 163 F.3d at 454. The supporting documents establish the dates when

4

filing the financing statement in Wisconsin on May 27th equates with perfection of a lien is a matter of law for this Court to decide.

Section 544(a) provides that, as of the commencement of a bankruptcy case, a trustee shall have all of the rights and powers of, and may avoid any transfer of property of the debtor that is avoidable by, a judicial lien creditor. The rights and powers of a judicial lien creditor are determined by reference to state law. 11 U.S.C. § 544(a)(1). In this case, the debtor is incorporated in Michigan, so the Court will look to Michigan and general Uniform Commercial Code law to resolve the priority contest between Trasino Park-Hudsons and the trustee.

Revised Article 9 greatly simplified the filing location rules for financing statements. The filing location of the financing statement under former Article 9 required an analysis of the type and location of the collateral and frequently resulted in multiple state filings. Generally, the "location" of the debtor governs the filing location under Revised Article 9, except for fixture filings and filings to perfect a security interest in as-extracted collateral, such as mined material and timber to be cut. *See* U.C.C. § 9-301; Mich. Comp. Laws § 440.9301. For registered entities organized under state law, the proper filing location is the entity's state of organization. *See* U.C.C. § 9-307(f); Mich. Comp. Laws § 440.9307. In this case, the proper filing location is Michigan. Consequently, Trasino's lien was perfected when the financing statement was filed in Michigan on January 22, 2007, not when it was filed in Wisconsin on May 27, 2005.

The general rule for priority of conflicting perfected security interests is that the first to file a financing statement or otherwise perfect its security interest has priority. *See* U.C.C. § 9-322(a)(1); Mich. Comp. Laws § 440.9322(1)(a); Wis. Stat. § 409.322(1)(a). But here, the issue

---

Trasino's financing statements were filed in Wisconsin and Michigan.

5

before the Court is not the order of priority between Trasino and M&I, but between Trasino and the trustee.

Under 11 U.S.C. § 547(b)(4)(A), a trustee may avoid a transfer of the debtor's interest in property made on or within 90 days before the date of the filing of the petition. The recording of a lien constitutes a transfer of an interest in the subject property for purposes of section 547. *Cf.* 11 U.S.C. § 101(54). The Bankruptcy Code further states that a transfer is made "at the time such transfer is perfected." 11 U.S.C. § 547(e)(2)(B). In the case of personal property, "perfection" of a security interest occurs "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. § 547(e)(1)(B).

One appellate court has construed that provision as follows:

> "When" and "cannot acquire" are ostensibly straightforward references to time and action in the real world ... A creditor "can" acquire such a lien at any time until the secured party performs the acts sufficient to perfect its interest.... Not until the secured party actually performs the final act that will perfect its interest can other creditors be foreclosed conclusively from obtaining a superior lien. It is only then that they "cannot" acquire such a lien. Thus, the terms of § 547(e)(1)(B) apparently imply that a transfer is "perfected" only when the secured party has done all the acts required to perfect its interest.

*In re Lee*, 530 F.3d 458, 466 (6th Cir. 2008) (citing *Fidelity Fin. Servs., Inc. v. Fink*, 522 U.S. 211, 216, 118 S.Ct. 651, 139 L.Ed.2d 571 (1998)). The Sixth Circuit went on to note:

> The Supreme Court held that by "acts necessary to perfect a security interest under state law" it meant "whatever acts must be done to effect perfection under the terms of the applicable state statute, whether those be acts of a creditor or acts of a governmental employee delivering or responding to a creditor's application.... [T]he time within which those acts must be done is governed by federal, not state, law, when the issue is the voidability of a preference under the Bankruptcy Code."

*Lee*, 530 F.3d at 466 n. 6 (citing *Fink*, 522 U.S. at 213 n. 1, 118 S.Ct. 651); *see also Matter of Badger Lines, Inc.*, 140 F.3d 691, 697 (7th Cir. 1998) (citing principles articulated in *Fink*).

Trasino perfected its lien upon the filing of the financing statement with the Michigan Department of State on January 22, 2007. That perfection occurred within 90 days before the debtor filed its petition.

Trasino maintains, however, that the court should consider principles of equity as a defense to the trustee's avoidance of its lien.

Pursuant to section 547(c), transfers which may not be avoided despite being preferential include:

> (1) contemporaneous exchanges for new value given to the debtor;
> (2) payments of debts incurred by the debtor in the ordinary course of business;
> (3) transfers creating purchase money security interests securing new value;
> (4) transfers to creditors who then give new value to the debtor;
> (5) certain transfers creating perfected security interests in inventory or receivables;
> (6) transfers fixing certain nonavoidable statutory liens;
> (7) transfers in payment of a debt for a domestic support obligation;
> (8) transfers by an individual debtor whose debts are primarily consumer debts, where the value of the transfer is less than $600; or
> (9) transfers by a debtor whose debts are not primarily consumer debts, where the value of the transfer is less than $5,000.[3]

11 U.S.C. § 547(c)(1) - (9). The exceptions set forth in section 547(c) are affirmative defenses, and the creditor or party in interest against whom recovery or avoidance is sought has the burden of proving that the transfer meets a condition making it nonavoidable. 11 U.S.C. § 547(g).

For purposes of motions for judgment on the pleadings, the well-pleaded allegations contained in Trasino's pleadings are to be taken as true. This court will therefore assume that the debtor's principals, in fact, engaged in misconduct by colluding with M&I in the timing of the bankruptcy filing, ensuring M&I's lien fell outside the preference period. This, however, is not a

---

[3] This figure has been increased to $5,475, as an adjustment made pursuant to 11 U.S.C. § 104 on April 1, 2007, which applies to cases commenced on or after April 1, 2007. This case was filed March 23, 2007.

7

codified exception to a preference action.

Equitable or "fairness" defenses to preference actions, such as the one argued by Trasino, are not recognized by the courts. *See, e.g., In re Tyler*, 379 B.R. 707 (Bankr. W.D. Mich. 2007) (court was not at liberty to recognize any equitable exception to avoidance as preference of restitution payment that debtor-contractor made for benefit of unpaid subcontractor, despite fact that debtor's debt to subcontractor was not dischargeable in bankruptcy); *In re Mowry*, 263 B.R. 499 (Bankr. W.D. Pa. 2001) (son who had operated his father's farm and who sometimes used his own funds to pay farm's expenses, could not raise any equitable or "fairness" defense to trustee's ability to avoid, as preference, father's repayment of son's advances less than 90 days before father filed bankruptcy; fairness to all creditors dictated that son be required to disgorge payment he received from father and to accept pro rata distribution of estate assets along with other general unsecured creditors).

Trasino has also argued the Court should apply the doctrine of equitable subrogation. In *Wisconsin Patients Comp. Fund v. Wisconsin Health Care Liab. Ins. Plan*, 200 Wis.2d 599, 620, 547 N.W.2d 578 (1996), the Wisconsin Supreme Court noted that equitable subrogation derives from the doctrine of preventing unjust enrichment and it applies when a person other than a mere volunteer pays a debt that in equity and good conscience, another should pay  Likewise, the Michigan Supreme Court has held that "[e]quitable subrogation is a legal fiction through which a person who pays a debt for which another is primarily responsible is substituted or subrogated to all the rights and remedies of the other." *Commercial Union Ins. Co. v. Med. Protective Co.*, 426 Mich. 109, 393 N.W.2d 479, 482 (1986) (citing *Smith v. Sprague*, 244 Mich. 577, 222 N.W. 207, 208 (1928); *Foremost Life Ins. Co. v. Waters*, 88 Mich.App. 599, 278 N.W.2d 688, 689 (1979),

8

*rev'd on other grounds*, 415 Mich. 303, 329 N.W.2d 688 (1982)). In this case, Trasino gave an additional loan to the debtor, and the proceeds were not used to pay off the debtor's obligation to M&I. Thus, it cannot be subrogated to the rights of M&I. This defense to the trustee's preference cause of action is rejected.

## CONCLUSION

The perfection of Trasino's security interest in the debtor's assets occurred within the preference period and did not relate back to the granting of the security interest. The trustee has met all the elements of a preference, and Trasino has failed to prove any of the defenses. The plaintiff's motion for judgment on the pleadings is granted and the perfection of Trasino's security interest is avoided as to it and is preserved for the benefit of the estate.

A separate order consistent with this decision will be entered.

December 10, 2008

Margaret Dee McGarity
Chief Judge, U.S. Bankruptcy Court